IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER SWANSON,

                                  OPINION AND ORDER

          Plaintiff,

                                     19-cv-899-bbc

    v.

WAUPUN CORRECTIONAL INSTITUTION,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Christopher Swanson has filed a civil action under 42 U.S.C. § 1983, contending that he did not receive proper medical treatment for an ingrown toenail and toe infection while he was incarcerated at Waupun Correctional Institution. In particular, he alleges that health services staff performed multiple unsuccessful surgeries on his toe, prescribed antibiotics that made him ill and failed to schedule timely appointments with a specialist. As a result, plaintiff's toe knuckle had to be surgically removed and replaced with a rod and screw.

      On February 25, 2020, I dismissed plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure because plaintiff failed to name a proper defendant for his lawsuit. As I explained in that order, only individuals who are personally involved with a prisoner's medical care or treatment can be held liable for a constitutional violation under 42 U.S.S. § 1983. Gayton v. McCoy, 593 F.3d 610, 612 (7th Cir. 2010). Plaintiff did not name any individual defendants who were involved with his care. Instead, he named only Waupun Correctional Institution, which is not a person that may be sued under § 1983. I instructed

1

plaintiff to file an amended complaint that identified (1) the individual defendants responsible for making the decisions about his medical care that he seeks to challenge; and (2) what each individual defendant did, or did not do, that plaintiff believes violated his rights.

Plaintiff has responded by submitting a list of five individuals he says were personally involved in his medical treatment while he was incarcerated at the Waupun Correctional Institution. Dkt. #10. Although plaintiff's list is a good start, it is not enough to satisfy Rule 8 because plaintiff provides no details about what actions each individual on the list took that plaintiff believes violated his rights. To satisfy Rule 8, plaintiff must give these individuals fair notice of the factual basis for his claims against them. It is not enough to say that the individuals were involved in providing plaintiff medical care and that plaintiff believes the medical care was inadequate. Plaintiff must provide enough facts about what each individual defendant did or did not do so that the court, and defendants, know why plaintiff believes they violated his constitutional rights.

I will give plaintiff one final opportunity to file an amended complaint that includes facts explaining: (1) what medical care plaintiff received; (2) why plaintiff thinks his care was inadequate; (3) who was responsible for the medical care decisions that plaintiff is challenging; and (4) what specific actions each individual defendant took that plaintiff believes violated his constitutional rights. If plaintiff thinks a specific care decision violated his rights but he does not know who was responsible for making the decision, he should identify the decision and say that "Doe nurse," "Doe doctor" or "Doe prison official" was

responsible for the decision. By doing so, I will be able to evaluate whether the challenged treatment decision supports a constitutional claim. If the allegations support a constitutional claim, plaintiff can determine the name of the Doe defendants through discovery as this case progresses.

If plaintiff submits an amended complaint that complies with the instructions above, I will review it under 28 U.S.C. § 1915A. If he fails to submit an amended complaint by the date below, this case will be dismissed.

ORDER

IT IS ORDERED that plaintiff Christopher Swanson's amended complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until May 26, 2020 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by May 26, 2020, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

Entered this 5th day of May, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge